**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BEANIE PICKETT and | ) |
| TRINA D. PICKETT | ) |
| on behalf of plaintiffs and the class | ) |
| members described herein, | ) |
| and PEOPLE OF THE STATE OF | ) |
| ILLINOIS ex rel. BEANIE PICKETT and | ) |
| TRINA D. PICKETT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| PARK TREE INVESTMENTS, LLC; | ) |
| DANIEL I. SINGER, doing business as | ) |
| SINGER LAW GROUP, LLP, which is | ) |
| not in fact a partnership entity; | ) |
| FCI LENDER SERVICES, INC., and | ) |
| THE WIRBICKI LAW GROUP, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

1.      Plaintiffs Beanie Pickett and Trina D. Pickett bring this action to secure redress from unlawful collection practices engaged in by defendants (a) Park Tree Investments, LLC, (b) Daniel I. Singer, doing business as Singer Law Group, LLP, which is not in fact a partnership entity; (c) FCI Lender Services, Inc. ("FCI") and (d) The Wirbicki Law Group, LLC ("Wirbicki").  Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and state law.  In addition, People of the State of Illinois ex rel. Beanie Pickett and Trina D. Pickett seek an injunction against unlicensed operation of a collection agency by Park Tree Investments, LLC.

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

1

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiffs seek to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7. The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

9. Venue and personal jurisdiction in this District are proper because:

    a. Defendants' collection activities impacted plaintiffs within this District;

       b.      Defendants threatened to seize real estate within this District;

       c.      Defendant Wirbicki is located within this District.

## PARTIES

10.    Plaintiffs Beanie Pickett and Trina D. Pickett are individuals who reside in a home which they own in the Northern District of Illinois.   They sue individually, as representatives of classes, and as private attorneys general pursuant to the Illinois Collection Agency Act.

11.    Defendant Park Tree Investments, LLC is a limited liability company organized under California law with offices at  425 Divisadero St., Ste. 207, San Francisco, CA 94117.  It does business in Illinois.  Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

12.    The business of Park Tree Investments, LLC consists of acquiring and liquidating defaulted mortgage loans and debts throughout the United States.  The debts are acquired at substantially under face value.

13.    Park Tree Investments has a website on which it describes its business as follows:

NOTE SELLERS

What We Offer

Efficient, professional evaluation, acquisition and funding of your delinquent mortgage assets. We can turn around indicative bids within 24 hours, and complete full due-diligence within 5-7 days.

We are proud of our proprietary software and systems that are cutting-edge, and that utilize the best available technology in today's marketplace.

Park Tree Investments has set up a comprehensive loan evaluation and tracking system and a loan management infrastructure that gives us the ability to purchase, administer and service loans in an efficient and secure manner.

If you are looking for liquidity for individual non-performing loans or for your loan portfolios, Park Tree is a trusted third party with experience and a track record. Our strengths involve a range of programs promoting homeownership retention – we take a humane approach to default and work as much as we can to retain the original borrower in the home. As a result, we end up promoting loan modifications, payment agreements and refinances whenever and wherever feasible.

3

(http://www.parktreeinvestments.com/park-tree-investments-note-sellers)

    14.    On information and belief, Park Tree Investments, LLC does not hold any mortgages or loans itself, but  arranges or arranged for title or claimed title to the mortgage loans to be placed in a series of asset holding entities, the names and status of which are as follows:

| Status | Name | State of organization |
|---|---|---|
| CANCELED | PARK TREE FUNDING, LLC | CA |
| CANCELED | PARK TREE INVESTMENTS 1, LLC | CA |
| CANCELED | PARK TREE INVESTMENTS 9, LLC | CA |
| ACTIVE | PARK TREE INVESTMENTS 10, LLC | CA |
| ACTIVE | PARK TREE INVESTMENTS 11 LLC | DE |
| ACTIVE | PARK TREE INVESTMENTS 12, LLC | DE |
| ACTIVE | PARK TREE INVESTMENTS 14, LLC | DE |
| ACTIVE | PARK TREE INVESTMENTS 15, LLC | DE |
| ACTIVE | PARK TREE INVESTMENTS 16, LLC | DE |
| ACTIVE | PARK TREE INVESTMENTS 17, LLC | DE |
| ACTIVE | PARK TREE INVESTMENTS 18, LLC | DE |
| ACTIVE | PARK TREE INVESTMENTS 19, LLC | DE |
| ACTIVE | PARK TREE INVESTMENTS 20, LLC | DE |
| ACTIVE | PARK TREE INVESTMENTS 21 LLC | DE |
|  | PARK TREE INVESTMENTS 22, LLC | DE |
| CANCELED | PARK TREE INVESTMENTS III LLC | CA |
| CANCELED | PARK TREE INVESTMENTS IV LLC | CA |
|  | PARK TREE INVESTMENTS V LLC | DE |
| CANCELED | PARK TREE INVESTMENTS VI, LLC | CA |
| CANCELED | PARK TREE INVESTMENTS VII LLC | CA |
| ACTIVE | PARK TREE INVESTMENTS VIII LLC | DE |
| ACTIVE | PARK TREE PROPERTIES, LLC | CA |
| ACTIVE | PARK TREE PROPERTIES 10, LLC | DE |
| ACTIVE | PARK TREE PROPERTIES 11, LLC | DE |
| ACTIVE | PARK TREE PROPERTIES 12, LLC | DE |
| ACTIVE | PARK TREE PROPERTIES 14, LLC | DE |
| ACTIVE | PARK TREE PROPERTIES 15, LLC | DE |
| CANCELED | PARK TREE PROPERTIES 16, LLC | DE |
| ACTIVE | PARK TREE PROPERTIES 17 LLC | DE |
| ACTIVE | PARK TREE PROPERTIES 18, LLC | DE |
| ACTIVE | PARK TREE PROPERTIES 19, LLC | DE |
| CANCELED | PARK TREE PROPERTIES IV LLC | CA |
|  | PARK TREE PROPERTIES V LLC | DE |
| CANCELED | PARK TREE PROPERTIES VI, LLC | CA |
| CANCELED | PARK TREE PROPERTIES VII LLC | DE |
| ACTIVE | PARK TREE PROPERTIES VIII LLC | CA |
| ACTIVE | PARK TREE VENTURES LLC | CA |
|  | PARK TREE INVESTMENTS C, LLC | DE |
|  | PARK TREE PROPERTIES 21, LLC | DE |

    15.    On information and belief, all of the active entities are operated from 425

4

Divisadero St., Ste. 207, San Francisco, CA 94117.

16.     On information and belief, the principal business of the active entities is the liquidation of mortgage debts of consumers and the collection of debt.

17.     On information and belief, the principal business of Park Tree Investments, LLC consists of collection of debt, including supervision of the liquidation of the loans on behalf of the entities in which they are held.

18.     At no time has Park Tree Investments, LLC held a license from the Illinois Department of Financial and Professional Regulation to act as a collection agency or debt buyer.

19.     Park Tree Investments 20, LLC was the entity in which a mortgage loan allegedly secured by plaintiffs' property was placed. (It is not named as a defendant herein.)

20.     Park Tree Investments, LLC uses the mails and telephone system in conducting business.

21.     Park Tree Investments, LLC is a debt collector as defined in the FDCPA.

22.     Defendant Daniel I. Singer is a California attorney with offices at 2 Park Plaza, Suite 870, Irvine, CA 92614. He conducts business using the name Singer Law Group, LLP. A search of the California Secretary of State's website reveals no such entity. There was a Singer Law Group, LLC, but it is no longer in good standing.

23.     Daniel I. Singer is in the principal business of collecting debts and enforcing security interests on behalf of others, including the various Park Tree entities. He describes himself on Facebook (https://www.facebook.com/singerlawgroup/) as a "distressed debt advisory firm".

24.     Daniel I. Singer uses the mails and telephone system in conducting such business.

25.     Daniel I. Singer is a debt collector as defined in the FDCPA.

26.     Defendant FCI Lender Services, Inc. ("FCI"), is a California corporation with its

principal place of business at 8180 E. Kaiser Blvd., Anaheim, CA 92808. It does business in Illinois. Its registered agent and office is Cogency Global Inc., 600 South Second Street, Suite 404, Springfield, IL 62704.

27. FCI is a "special servicer," holding itself out as engaging in "Non-Performing Loan Workouts." (https://www.trustfci.com/SpecialtyLoanServicing.html)

28. FCI regularly attempts to collect loans owned by others which are in default at the time FCI first becomes involved with them.

29. FCI uses the mails and telephone system in conducting business.

30. FCI is a debt collector as defined in the FDCPA.

31. Defendant Wirbicki is a law firm organized as an Illinois limited liability company with offices at 33 West Monroe, Suite 1140, Chicago, IL 60603.

32. Wirbicki is engaged in the collection of debts, including residential mortgage debts.

33. Wirbicki has a web site (http://wirbickilaw.com/) on which it describes its business as follows: "The Wirbicki Law Group LLC is a default services law firm representing lenders, banks, REO asset managers and mortgage servicing companies in Arizona, California, Illinois, Indiana, Iowa, Minnesota, Missouri and Wisconsin. Our legal services include: foreclosure, title, bankruptcy, eviction, contested foreclosure litigation, loss mitigation, and REO closings."

34. Wirbicki uses the mails and telephone system in conducting such business.

35. Wirbicki is a debt collector as defined in the FDCPA.

## FACTS

36. Defendants have been attempting to enforce against Beanie Pickett and Trina Pickett a mortgage securing a home improvement retail installment contract. Appendix A is a copy of the retail installment contract, which is incomplete because it does not describe the work

to be done.  Appendix B is a copy of the mortgage, an open-end instrument which secured any and all obligations owed by the Picketts to South Central Bank.

37.     The contract was entered into in 2008.

38.     In 2011, the Picketts filed bankruptcy and received a discharge of their debts including that to South Central Bank.  The case was filed as a Chapter 13 but converted to a Chapter 7.

39.     The original lender, South Central Bank, accelerated the contract in 2011 when it filed a claim in the bankruptcy for the entire principal balance of the contract.

40.     No payments were made on the contract after 2011.

41.     The filing of the bankruptcy by both obligors coupled with the cessation of payments amounted to a repudiation of the contract, as it was no longer capable of being performed as written and was not in fact performed.

42.     On or about July 16, 2018, Singer sent plaintiffs the letter in Appendix C.

43.     Singer sent Appendix C on behalf of Park Tree Investments, LLC, although that company is not clearly identified as the owner of the debt.

44.     On July 16, 2018, both the note and mortgage were barred by the Illinois 5  year statute of limitations.

45.     Appendix C states, "if you wish to retain the property, there may be options available to you."

46.     Appendix C states, "If we do not hear from you by August 17, 2018 we will assume that you've identified alternative living arrangements and do not wish to explore options to avoid foreclosure."

47.     Appendix C fails to disclose that (a)  in Illinois the lender must institute judicial proceedings to foreclose on property (b) any such suit would be  barred by limitations.

48.     An unsophisticated consumer would understand Appendix C as stating that failure

to make arrangements to satisfy the mortgage will result in nonjudicial seizure of his or her property.

49.     No such seizure is permitted.

50.     On information and belief, no such seizure was intended.

51.     On or about October 30, 2018, FCI sent each plaintiff an identical letter.  That to Beanie Pickett is in Appendix D.  A similar letter, except for the addressee, was sent to Trina Pickett (Appendix E).

52.     The letters were sent on behalf of Park Tree Investments, LLC.  FCI was acting as the agent of Park Tree Investments, LLC at its direction.

53.     Appendix D threatens to accelerate the contract and mortgage, even though they had been accelerated in 2011 and were barred by limitations.   Either defendants knew that the contract and mortgage had been accelerated, or obtained such minimal information that they had no idea whether it had been.

54.     Appendix D states that if plaintiffs do not bring the loan current, "Lender intends to invoke the power of sale and the Property may be sold pursuant to the terms of your security instrument and/or state and federal law."

55.     Appendix D states that "Borrower may have the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale of the Property."

56.     Appendix D fails to disclose that in Illinois the lender must institute judicial proceedings to foreclose on property.  Contrary to the representation in the letter, there is no "power of sale" in Illinois.  Appendix D also fails to disclose that the claim is barred by limitations.

57.     An unsophisticated consumer would understand Appendix D as stating that failure to make arrangements to satisfy the mortgage will result in nonjudicial seizure of his or her property.

58.     No such seizure is permitted.

59.     On information and belief, no such seizure was intended.

60.     On November 30, 2018, Park Tree Investments, LLC caused a mortgage foreclosure suit to be filed against plaintiffs by Park Tree Investments 20, LLC, with Wirbicki as counsel for Park Tree Investments 20, LLC.

61.     On January 17, 2019, counsel for the Picketts appeared and served their appearance.

62.     Subsequently, representatives of Park Tree Investments, Ltd., called plaintiffs directly and offered to settle the claim in exchange for monthly payments of $190.25 for 25 years, or $56,645.  They also wanted to take money directly from plaintiffs' bank account.

63.     Defendants engaged in concerted action for the purpose of attempting to obtain money from plaintiffs on a discharged and time barred debt.

## COUNT I  – FDCPA  – CLASS CLAIM

64.     Plaintiffs Beanie Pickett and Trina D. Pickett incorporate paragraphs 1-63.

65.     This claim is against Daniel I. Singer and Park Tree Investments, LLC.

66.     Letters in the form of Appendix C, when sent to persons in states such as Illinois that only have judicial foreclosures, threaten to take nonjudicial action to effect dispossession of property when there is no present right to possession of the property claimed as collateral through an enforceable security interest, and no present intention to take possession of the property,.

67.     Letters in the form of Appendix C, when sent to persons in states such as Illinois that only have judicial foreclosures, violate 15 U.S.C. §1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f(6).

## CLASS ALLEGATIONS

68.     Plaintiffs  bring this claim on behalf of a class and subclass pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

69.     The class consists of (a) all individuals (b) to whom Singer sent a letter in the form of Appendix C (c) concerning the individual's home (d) in a state which requires judicial proceedings to foreclose on a mortgage (e) which letter was sent at any time on or after one year prior to the filing of this action.

70.     The subclass consists of class members where Singer was acting on behalf of Park Tree Investments, LLC.

71.     On information and belief, the class members are so numerous that joinder of all members is not practicable.

72.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are:

      a.     Whether the letter threatens nonjudicial dispossession of property;

      b.     Whether the letter violates the FDCPA.

73.     Plaintiffs' claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

74.     Plaintiffs will fairly and adequately represent the class members.  Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

75.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible.

      b.     Members of the class are likely to be unaware of their rights;

      c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class members and against defendants for:

      i.     Statutory damages;

      ii.     Actual damages;

      iii.    Attorney's fees, litigation expenses and costs of suit;

      iv.    Such other and further relief as the Court deems proper.

## COUNT II – FDCPA – CLASS CLAIM

76.     Plaintiffs Beanie Pickett and Trina D. Pickett incorporate paragraphs 1-63.

77.     This claim is against FCI and Park Tree Investments, LLC.

78.     Letters in the form of Appendix D, when sent to persons in states such as Illinois that only have judicial foreclosures, threaten to take nonjudicial action to effect dispossession of property when there is no present right to possession of the property claimed as collateral through an enforceable security interest, and no present intention to take possession of the property,.

79.     Letters in the form of Appendix D, when sent to persons in states such as Illinois that only have judicial foreclosures, violate 15 U.S.C. §1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f(6).

## CLASS ALLEGATIONS

80.     Plaintiffs  bring this claim on behalf of a class and subclass pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

81.     The class consists of (a) all individuals (b) to whom FCI  sent a letter in the form of Appendix D (c) concerning the individual's home (d) in a state which requires judicial proceedings to foreclose on a mortgage (e) which letter was sent at any time on or after one year prior to the filing of this action.

82.     The subclass consists of class members where FCI was acting on behalf of Park Tree Investments, LLC.

83.     On information and belief, the class members are so numerous that joinder of all members is not practicable.

84.     There are questions of law and fact common to the class members, which

common questions predominate over any questions relating to individual class members. The predominant common questions are:

  a.  Whether the letter threatens nonjudicial dispossession of property or is misleading;

  b.  Whether the letter violates the FDCPA.

85. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

86. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

87. A class action is superior for the fair and efficient adjudication of this matter, in that:

  a.  Individual actions are not economically feasible.

  b.  Members of the class are likely to be unaware of their rights;

  c.  Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class members and against defendants for:

  i.  Statutory damages;

  ii.  Actual damages;

  iii.  Attorney's fees, litigation expenses and costs of suit;

  iv.  Such other and further relief as the Court deems proper.

### COUNT III – ILLINOIS COLLECTION AGENCY ACT

88. Plaintiff People of the State of Illinois ex rel. Beanie Pickett and Trina D. Pickett incorporates paragraphs 1-63.

89. This claim is against Park Tree Investments, Ltd.

90. Park Tree Investments, Ltd., is a "collection agency" and a "debt buyer" as

defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

91.     225 ILCS 425/3(d) brings debt buyers within the purview of the ICAA by providing that "A person acts as a collection agency when he, she, or it: . . . (d) Buys accounts, bills or other debt . . ."

92.     225 ILCS 425/2 defines "debt" to mean "money, property, or their equivalent which is due or owing or alleged to be due or owing from a person to another person" .

93.     The claimed right to enforce a mortgage on account of a debt is "property" within the definition, even if the personal obligation has been discharged.

94.     225 ILCS 425/8.5 states that "A debt buyer shall be subject to all of the terms, conditions, and requirements of this Act, except as otherwise provided for in subsection (b) of Section 8.6 of this Act."  (Section 8.6 exempts debt buyers from requirements relating to surety bonds, trust accounts, and written authorization for legal action.)

95.     225 ILCS 425/2 defines "debt buyer" to mean "a person or entity that is engaged in the business of purchasing delinquent or charged-off consumer loans or consumer credit accounts or other delinquent consumer debt for collection purposes, whether it collects the debt itself or hires a third-party for collection or an attorney-at-law for litigation in order to collect such debt."

96.     Section 4 of the ICAA, 225 ILCS 425/4, provides:

Sec. 4. No collection agency shall operate in this State, directly or indirectly engage in the *business of collecting*, solicit claims for others, have a sales office, a client, or solicit a client in this State, *exercise the right to collect*, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois. (Emphasis added)

97.     To prosecute a collection or foreclosure lawsuit is to "exercise the right to

13

collect . . . ."   To prosecute multiple such lawsuits is to engage in the "business of collecting." The ICAA expressly regulates litigation by "collection agencies."  ICAA  §§8a-1, 225 ILCS 425/8a-1; and 8b, 225 ILCS 425/8b.

98.     Park Tree Investments, Ltd., is not licensed as a collection agency by California. California does not license collection agencies.

99.     Section 14b of the ICAA, 225 ILCS 425/14b, provides that the unlicensed operation of a collection agency is a crime:

> § 14b. Penalty of unlawful practice; Second and subsequent offenses. Any entity that practices or offers to practice as a collection agency in this State without being licensed for that purpose, or whose license is suspended, revoked, or expired, or that violates any of the provisions of this Act for which no specific penalty has been provided herein, is guilty of a Class A misdemeanor.

> Any entity that has been previously convicted under any of the provisions of this Act and that subsequently violates any of the provisions of this Act is guilty of a Class 4 felony. In addition, whenever any entity is punished as a subsequent offender under this Section, the Secretary shall proceed to obtain a permanent injunction against such entity under Section 14a of this Act.

100.    225 ILCS 425/14a provides:

> Sec. 14a.  The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.

14

WHEREFORE, the Court should enter judgment in favor of plaintiff and against Park Tree Investments, LLC:

  i.   Enjoining it and all persons in active participation and concert with it, including its affiliates, from engaging in collection activities against Illinois residents,

  ii.  Awarding attorney's fees, litigation expenses and costs of suit;

  iii. Awarding such other relief as is proper.

## COUNT IV – FDCPA – INDIVIDUAL CLAIM

101.   Plaintiffs Beanie Pickett and Trina D. Pickett incorporate paragraphs 1-63.

102.   This claim is against all defendants.

103.   All defendants violated 15 U.S.C. §1692e, 1692e(2), 1692e(5), and 1692e(10) by:

  a.   Offering to settle a time barred claim without disclosure of the fact that it was time-barred;

  b.   Attempting to obtain money on account of a discharged debt;

  c.   Filing a lawsuit on a time barred claim;

  d.   Operating, or aiding the operation of, an unlicensed collection agency.

104.    In addition, defendant Park Tree Investments, Ltd., violated 15 U.S.C. §1692c by contacting a represented consumer directly and seeking money on account of a debt that was both time barred and discharged in bankruptcy.

105.   Plaintiffs were harassed and distressed by such actions and communications.

106.   Plaintiffs were required to spend time and money defending the foreclosure.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendants for:

  i.   Actual damages;

  ii.  Attorney's fees, litigation expenses and costs of suit;

  iii. Such other and further relief as the Court deems proper.

## COUNT V – ILLINOIS CONSUMER FRAUD ACT – INDIVIDUAL CLAIM

107.    Plaintiffs Beanie Pickett and Trina D. Pickett incorporate paragraphs 1-63.

108.    This claim is against Park Tree Investments, LLC and FCI.

109.    By representing that plaintiffs' property could be summarily sold, and by causing the filing of a lawsuit on a time barred claim, defendants engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2.

110.    Defendants' conduct in acquiring old mortgages for pennies on the dollar and then using deceit and unfair practices to collect money that is not owed is predatory and malicious.

111.    Plaintiffs were harassed and distressed by such actions and communications.

112.    Plaintiffs were required to spend time and money defending the foreclosure.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendants for:

    i.    Actual damages;

    ii.   Punitive damages in an amount sufficient to prevent further misconduct by defendants;

    iii.  Attorney's fees, litigation expenses and costs of suit;

    iv.   Such other and further relief as the Court deems proper.


                                    s/Daniel A. Edelman__
                                    Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
Paul M. Waldera
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824

(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

T:\35823\Pleading\Complaint_Pleading.WPD

## <ins>NOTICE OF LIEN AND ASSIGNMENT</ins>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


<ins>s/Daniel A. Edelman</ins>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)