**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BEANIE PICKETT and )<br>TRINA D. PICKETT )<br>on behalf of plaintiff and the class )<br>members described herein, )<br>and PEOPLE OF THE STATE OF )<br>ILLINOIS ex rel. BEANIE PICKETT and )<br>TRINA D. PICKETT, )<br>  )<br>  Plaintiffs, )<br>  )<br>vs. )<br>  )<br>PARK TREE INVESTMENTS, LLC; )<br>DANIEL I. SINGER, doing business as )<br>SINGER LAW GROUP, LLP, which is )<br>not in fact a partnership entity; )<br>FCI LENDER SERVICES, INC., and )<br>THE WIRBICKI LAW GROUP, LLC, )<br>  )<br>Defendants. ) | Case No. 1:19-cv-00456<br><br>Honorable Matthew F. Kennelly |

**PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs, Beanie Pickett and Trina D. Pickett, individually, and on behalf of the class of persons defined below, request that this Court enter an order which: (i) preliminarily approves the Class Settlement Agreement ("Agreement") attached as Appendix 1[1] and provisionally certifies the proposed class for settlement purposes; (ii) sets dates for Class Members to opt out or object, (iii) schedules a hearing for final approval of the Agreement; (iv) approves the mailing of notice

---

[1] Defendants have represented that the parties have finalized and agreed to the class settlement agreement. However, Defendant FCI is unable to physically execute the agreement until tomorrow morning. The parties file this preliminary approval motion with the signatures currently in their possession with the understanding that the settlement agreement has been agreed to and will hopefully be fully-executed sometime tomorrow.

1

to the Class in the form of Exhibit 2 to Appendix 1, and (v) finds that the mailing of such notice satisfies due process. A copy of the proposed preliminary approval order is attached as Exhibit 1 to Appendix 1.

1. Plaintiffs filed this case on January 22, 2019. In Count I, Plaintiffs alleged that Singer and Park Tree violated 15 U.S.C. §1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f(6) by sending letters in the form of Appendix A to the settlement agreement, which threatened to take nonjudicial action to effect dispossession of property when there is no present right to possession of the property claimed as collateral through an enforceable security interest, and no present intention to take possession of the property. In Count II, Plaintiffs alleged that FCI and Park Tree violated 15 U.S.C. §1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f(6) by sending letters in the form of Appendix B to the settlement agreement, which threatened to take nonjudicial action to effect dispossession of property when there is no present right to possession of the property claimed as collateral through an enforceable security interest, and no present intention to take possession of the property. In Count III, Plaintiffs individually alleged that Park Tree violated the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA") by attempting to collect debt in Illinois without a license to do so. Count IV is an individual claim which alleges that Defendants violated 15 U.S.C. §1692e, 1692e(2), 1692e(5), and 1692e(10) by offering to settle a time barred claim without disclosure of the fact that it was time-barred, attempting to obtain money on account of a discharged debt, filing a lawsuit on a time barred claim, and operating, or aiding the operation of, an unlicensed collection agency. In addition, Plaintiffs allege that Park Tree Investments, Ltd., violated 15 U.S.C. §1692c by contacting a represented consumer directly and seeking money on account of a debt that was both time barred and discharged in bankruptcy. Finally, Count V, also an individual claim, alleges that Park Tree and FCI violated 815 ILCS 505/2 by representing that

Plaintiffs' property could be summarily sold, and by causing the filing of a lawsuit on a time barred claim. A copy of the form letters involved are attached as Appendix A and Appendix B to the Settlement Agreement.

2. After conducting informal discovery, and conducting arms-length settlement discussions, the parties reached a settlement to resolve the litigation. Defendants deny violating the FDCPA and deny all liability to Plaintiffs and the Class. Defendants desire to settle the claims brought solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims that have been or could have been asserted by Plaintiffs and the Class against Defendants. Counsel for the parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals.

3. Based upon counsels' review and analysis, the parties have entered into the Agreement to settle and compromise the Litigation on the terms and conditions embodied in the Agreement and agree as follows:

4. The parties have agreed to settle on behalf of the following class, for the following terms:

    a. Class Definition: (a) all individuals, (b) in Illinois, (c) to whom Singer sent a letter in the form of Appendix A to the settlement agreement or to whom FCI sent a letter in the form of Appendix B to the settlement agreement (d) concerning the individual's home (e) which letter was sent at any time on or after one year prior to the filing of this action. Defendants represent based on reasonable investigation that the Class as defined above consists of approximately 40 persons.

    b. Settlement Fund: Defendants shall create a class settlement fund of $60,141, which will be distributed in the following manner:

1. <u>Class Statutory Damages Recovery</u>. The balance of the Settlement Fund, after the Plaintiffs' award, the Class Refunds, and attorney's fees are deducted (estimated to be $20,000, if all other disbursements are approved as requested), shall be distributed equally by the Settlement Administrator to the Class Members whose Class Notices were not returned as undeliverable by the United States Postal Service. If there is more than one borrower on an account, they will be treated as one class member for the purposes of the settlement. For jointly held accounts, checks will be payable to all joint borrowers, and will be mailed to the first borrower listed on the account. Given the number of class members, each class member should receive at least $500 each.

2. <u>Cost of Class Notice</u>. All reasonable costs associated with the notice under this class settlement, including but not limited to those costs incurred or charged by the Settlement Administrator are to be paid for by the Defendants. The costs of administration shall not come out of the Settlement Fund.

3. <u>Refunds to Class Members ("Class Refunds")</u>. In addition to the Class Statutory Damages Recovery discussed above, another $16,141 of the fund shall be paid to class members from whom Defendants collected money in the absence of a court order, representing full refunds for those class members.

4. <u>Uncashed Checks</u>. If, following the Void Date of the Participating Class Members' Statutory Damages checks, there remains any uncashed checks or undistributed funds, those funds will be distributed to LAF (formerly known as the Legal Assistance Foundation of Metropolitan Chicago) as a cy pres award. Any uncashed Class Refunds will revert to Defendant Park Tree and FCI.

5. <u>Agreement Not to Collect</u>. Defendant Park Tree further agrees it will not collect debt in Illinois unless it gets a license under the Collection Agency Act, the Resident Mortgage License Act, or other applicable law.

6. <u>Relief to Plaintiffs</u>. The named Plaintiffs shall receive a total of $4,000.00 as damages for their claims, and as an incentive award for bringing the claims on behalf of the Class. "Incentive awards "are justified when necessary to induce individuals to become named representatives." *In re Synthroid Marketing Litigation*, 264 F.3d 712, 722 (2001). If those individuals "would have stepped forward without the lure of an 'incentive award,' there is no need for such additional compensation." Id. at 723. This award is in line with what has been awarded in other cases in this District. *See e.g., In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 792 F. Supp. 2d 1028, 1041 (N.D. Ill. 2011) (awarding $5,000 to class representatives). Additionally, Defendants have also agreed to dismiss with prejudice, Defendant Park Tree's currently pending foreclosure case in the Cook County Chancery Court, *Park Tree Investments 20, LLC v Beanie Pickett and Trina Pickett* Case No. 2018 CH 14904, and record a release of Plaintiffs' mortgage with the Cook County Recorder of Deeds. It is Plaintiffs' position that their debt is time-

barred, and this relief is justified by Counts IV and V of the Complaint, which were brought as individual counts.

       7.    <u>Attorneys' Fees and Costs</u>. Counsel for Plaintiffs and the Class shall petition the Court for approval of attorneys' fees and costs not to exceed $20,000, which will be deducted from the Settlement Fund. Defendants shall not oppose Class Counsel's fee petition for an amount not to exceed $20,000.

    5.    <u>Class Notice</u>. Within 10 business days after entry of the Preliminary Approval Order, attached as Exhibit 1 to the Settlement Agreement ("Preliminary Approval Order"), Defendants shall (1) provide the Settlement Administrator with a Class List (the names, most recent address and account number of the class members), and (2) deposit the class fund with the Settlement Administrator. Within 30 days after the date the list is provided, the Settlement Administrator shall cause the Notice in the form of Exhibit 2 to the Settlement Agreement to be sent to the last known addresses of the Class Members. Prior to the Settlement Administrator mailing the notice, the Settlement Administrator shall obtain current addresses for Class Members by running their addresses through the National Change of Address database. The Settlement Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each individual notice shall be sent with a request for forwarding addresses. In the event that an individual notice is returned as undeliverable and a forwarding address is provided, the Settlement Administrator shall cause to be forwarded any such returned notice to the address provided within five days of receipt.

    6.    The FDCPA caps a class's recovery for statutory damages at the lesser of 1% of the debt collector's net worth or $500,000, or an individual's recovery to $1,000. 15 U.S.C. §1692k(a)(2). Based upon the financial information Defendants provided to Plaintiffs' counsel and the nature of the claims alleged, they believe that the Agreement is fair and reasonable, would be in the best interest of the Class, and should be approved by the Court. Each class member will

receive a pro rata share of the Class Fund with no need to affirmatively submit a claim. The $20,000 portion of the Class Fund going to the Class Members as statutory damages totals at least $500 per class member, which is at least half of the maximum possible statutory damages obtainable by each class member had they brought an individual case, and also outstrips the maximum possible statutory damages recoverable (per class member) on a class basis. The percent being recovered by the class members, in cash, with no need to submit a claim form, compares extremely favorably to other class action settlements. Numerous courts have approved settlements where the class was recovering 10-12% of their maximum damages. *Schulte v. Fifth Third Bank, NA*, 805 F.Supp.2d 560, 584 (N.D.Ill. 2011); *In re Ravisent Techs., Inc. Sec. Litig.*, 2005 WL 906361, at *9 (E.D.Pa. Apr. 18, 2005) (approving settlement, which amounted to 12.2% of damages, and citing study by Columbia University Law School, which determined that "since 1995, class action settlements have typically recovered between 5.5% and 6.2% of the class members' estimated losses.") (internal citations omitted). Certain class members who suffered actual damages by making payments, will also receive a full refund of those payments, amounting to a total of $16,141, also without submitting a claim form.

7. The class release is narrowly tailored to cover only claims arising from or relating to documents in the form represented by Appendix A and Appendix B to the Settlement Agreement, and it specifically excludes any claims or defenses concerning: : (1) whether any specific debt, fees, late charges and/or escrow items are in fact owed and the amount thereof, (2) the crediting of specific payments, (3) the handling of any escrow account, (4) whether the statute of limitations has expired as to an alleged debt, (5) any reporting regarding the alleged mortgage debt to the credit reporting bureaus, and (6) whether any specific mortgage debt is in fact owed

and the amount thereof. The Class expressly does not release any right to dispute the debts or any defenses to the validity of the debts.

8. The settlement in this case complies with case law from the Seventh Circuit concerning class action awards, and is consistent with the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622, (7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). Unlike *Pella*, 753 F.3d at 722, 723-724, there is no conflict of interest here between the named Plaintiffs and the Class, for reasons including that the Plaintiffs share no prior professional, financial, personal, or familial relationship with Class Counsel. And unlike *Pella*, 753 F.3d at 724, there is no conflict of interest between Class Counsel and the Class. The Agreement does not provide for the payment of attorney's fees to Class Counsel prior to the notice being sent to the class. *Id*. In addition, unlike *RadioShack*, the instant settlement does not involve coupons. *RadioShack*, 768 F.3d at 635-637. Here, there is no difficulty valuing the settlement. The settlement contemplates a class fund of $60,141, with approximately $20,000 going to the 40 class members as statutory damages, which will be distributed equally to all Class Members whose Class Notice is not returned as undeliverable and who do not opt out, and $16,141 being refunded to Class Members who paid absent a court order. Plaintiffs further submit that the class notice gives fair notice to the class, the terms of the settlement, and the ways in which Class Members can object to the settlement, thus satisfying the requirements of Fed.R.Civ.P.23, and of due process.

9. Class Counsel will file a fee petition in support of their request for attorney's fees prior to the final approval hearing. The amount requested represents 33% of the total to be paid. The Seventh Circuit has held that the Court should determine the percentage to award by approximating the market rate, and specifically found that the "market" fee of a consumer class

action was 30% of the entire settlement fund (without deducting notice and administration expenses). *In re Synthroid Mktg. Litig. ("Synthroid II"),* 325 F.3d 974, 980 (7th Cir. 2003); *see also Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11-4462, 2015 WL 1399367, at *4 (N.D. Ill. Mar. 23, 2015). Class Counsel's requested fee is less than numerous post-*Pearson* fees approved in cases in this Circuit. *Spano v. The Boeing Co.*, No. 06-743, 2016 WL 3791123 (S.D. Ill. Mar. 31, 2016) (awarding one-third of the gross monetary settlement plus costs); *McCue v. MB Fin., Inc.*, No. 15-988, 2015 WL 4522564 (N.D. Ill. July 23, 2015) (awarding one-third of the net settlement fund plus costs); *Abbott v. Lockheed Martin Corp.*, No. 06-701, 2015 WL 4398475 (N.D. Ill. July 17, 2015) (awarding one-third of the gross settlement fund plus costs); *Zolkos v. Scriptfleet, Inc.*, No. 12-8230, 2015 WL 4275540 (N.D. Ill. July 13, 2015) (awarding one-third of the gross guaranteed settlement amount plus expenses); *Prena v. BMO Fin. Corp.*, No. 15-09175, 2015 WL 2344949 (N.D. Ill. May 15, 2015) (awarding 33.5% of the net settlement fund). Class Counsel's actual time and expenses are already over $23,000 and they will incur significant additional expenses connected with responding to class members and getting the settlement finally approved by the court.

10. <u>Schedule for Class Notice and Objections</u>: Plaintiffs request that the Court set the following schedule for the proposed Agreement:

      a. Defendants are to provide the Settlement Administrator with the Class List within 10 business days after entry of the Preliminary Approval Order. The Class Notice (Exhibit 2 to Appendix 1) is to be mailed by the Settlement Administrator within 30 days of receiving the Class List;

      b. Class members shall have until 60 days after the Class Notice is mailed to opt out or object to the settlement.

      c. A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court on a date at least ninety (90) days after

the mailing of the Class Notice, and notification provided under the Class Action Fairness Act.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order in the form of Exhibit 1 to the Agreement, which (a) preliminarily approves the Class Settlement Agreement; (b) provisionally certifies the proposed Class for settlement purposes and approves Exhibit 2 to the Agreement as notice to the Class to be directed to the last known address of the class members as shown on defendant's records, (c) sets a date for Class Members to opt-out or object, and (d) schedules a hearing for final approval under FED. R. CIV. P. 23(c)(2).

Respectfully submitted,

*/s/ Paul M. Waldera*
Paul M. Waldera

Daniel A. Edelman
Tara L. Goodwin
Paul M. Waldera
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## CERTIFICATE OF SERVICE

I, Paul M. Waldera hereby certify that on July 10, 2019, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

>/s/ Paul M. Waldera
>Paul M. Waldera

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
Paul M. Waldera
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark St., Ste. 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)