# APPENDIX 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BEANIE PICKETT and | ) | |
| TRINA D. PICKETT | ) | |
| on behalf of plaintiff and the class | ) | |
| members described herein, | ) | |
| and PEOPLE OF THE STATE OF | ) | |
| ILLINOIS ex rel. BEANIE PICKETT and | ) | |
| TRINA D. PICKETT, | ) | |
| | ) | |
| Plaintiffs, | ) | 19-cv-00456 |
| | ) | |
| vs. | ) | Honorable Matthew F. Kennelly |
| | ) | |
| PARK TREE INVESTMENTS, LLC; | ) | |
| DANIEL I. SINGER, doing business as | ) | |
| SINGER LAW GROUP, LLP, which is | ) | |
| not in fact a partnership entity; | ) | |
| FCI LENDER SERVICES, INC., and | ) | |
| THE WIRBICKI LAW GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS SETTLEMENT AGREEMENT AND RELEASE

1.      **Parties**.  Defendants, Park Tree Investments, LLC ("Park Tree"), Daniel I. Singer ("Singer"), FCI Lender Services, Inc. ("FCI"), and The Wirbicki Law Group, LLC ("Wirbicki") (collectively the "Defendants") Plaintiffs, Beanie Pickett and Trina D. Pickett (collectively the "Plaintiffs") (Plaintiffs and Defendants are collectively the "Parties"), individually, and as representatives of the class defined below in ¶10 (the "Class"), enter into this Class Settlement Agreement (the "Agreement").

## RECITALS

2.      Plaintiffs, individually and on behalf of a class, filed a lawsuit in the United States District Court for the Northern District of Illinois, entitled *Beanie Pickett and Trina D. Pickett v. Park Tree Investments, LLC, Daniel I. Singer, doing business as Singer Law Group, LLP, FCI*

*Lender Services, Inc. and The Wirbicki Law Group, LLC* Case No. 19-cv-00456 (the "Litigation")
on January 22, 2019. In Count I of the complaint, Plaintiffs alleged that Singer and Park Tree
violated 15 U.S.C. §1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f(6) by sending letters in the
form of Appendix A to this settlement agreement, which when sent to persons in states such as
Illinois that have judicial foreclosures, threaten to take nonjudicial action to effect dispossession
of property when there is no present right to possession of the property claimed as collateral
through an enforceable security interest, and no present intention to take possession of the property.
In Count II of the complaint, Plaintiffs alleged FCI and Park Tree violated 15 U.S.C. §1692e,
1692e(2), 1692e(5), 1692e(10), and 1692f(6) by sending letters in the form of Appendix B to this
settlement agreement, which when sent to persons in states such as Illinois that have judicial
foreclosures, threaten to take nonjudicial action to effect dispossession of property when there is
no present right to possession of the property claimed as collateral through an enforceable security
interest, and no present intention to take possession of the property. In Count III of the complaint,
Plaintiffs alleged Park Tree violated the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.
("ICAA"), by attempting to collect debt in Illinois without a license to do so. In Count IV of the
complaint, Plaintiffs alleged that the Defendants violated 15 U.S.C. §1692e, 1692e(2), 1692e(5),
and 1692e(10) by offering to settle a time barred claim without disclosure of the fact that it was
time-barred, attempting to obtain money on account of a discharged debt, filing a lawsuit on a time
barred claim, and operating, or aiding the operation of, an unlicensed collection agency. In
addition, Plaintiffs alleged that Park Tree Investments, Ltd., violated 15 U.S.C. §1692c by
contacting a represented consumer directly and seeking money on account of a debt that was time
barred and discharged in bankruptcy. In Count V of the complaint, Plaintiffs alleged Park Tree and
FCI violated 815 ILCS 505/2 by representing that plaintiffs' property could be summarily sold,

2

and by causing the filing of a lawsuit on a time barred claim, defendants engaged in unfair and deceptive acts and practices.

3.      At all times, Defendants have denied and continue to deny all allegations of wrongdoing and liability, including as to the allegations in the Litigation.

4.      The Parties engaged in informal class discovery and then underwent settlement negotiations which resulted in the present settlement.

5.      Considering the uncertainty and risks inherent in any litigation, the Parties have concluded that it is desirable and beneficial for the Litigation to be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. Plaintiffs, individually and on behalf of the Class defined herein, desire to settle their claims against Defendants, having taken into account through Plaintiffs' counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the Litigation will be protracted and expensive. Defendants seek to settle the Litigation for the sole purpose of avoiding the burden, expense, and uncertainty of continuing to litigate the allegations, and to put to rest all claims that have been or could have been asserted by Plaintiffs and the Class against Defendants.

6.      Plaintiffs' counsel has investigated the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiffs' counsel considers it to be in the best interest of the Class to enter into this Agreement.

7.      In consideration of the foregoing and other valuable consideration, Plaintiffs and Defendants agree to settle the claims of the Plaintiffs and the Class arising from the collection letters at issue, subject to the Court's approval, on the following terms and conditions.

## TERMS

8.     **Recitals.** The Recitals set forth above are incorporated by reference as integral provisions of this Agreement.

9.     **Effective Date**. This Agreement shall become effective (hereinafter the "Effective Date") thirty days after an order is entered unconditionally dismissing the Litigation, with prejudice.

10.     **Class**. Solely and exclusively for purposes of settlement, and without waiving any rights to challenge the class definition in the event the settlement proposed herein is not approved by a Court, the Parties agree that the following proposed class (the "Class") satisfies all of the requirements of Rule 23 and should be certified:

> (a) all individuals, (b) in Illinois, (c) to whom Singer sent a letter in the form of Appendix A to the settlement agreement or to whom FCI sent a letter in the form of Appendix B to the settlement agreement (d) concerning the individual's home (e) which letter was sent at any time on or after one year prior to the filing of this action.

> Defendants represent based on reasonable investigation that the Class as defined above consists of 40 persons.

11.     **Class Counsel**. Class Counsel or "Plaintiffs' Counsel" is Edelman Combs Latturner & Goodwin, LLC.

12.     **Creation of Settlement Fund.** Upon entry of preliminary approval of this Agreement, Defendants shall pay $60,141 to the Settlement Administrator selected by the Defendants to create a Class Settlement Fund. The Settlement Administrator shall hold the Class Settlement Fund in escrow until the Settlement is finally approved by the Court, and then distribute it as set forth below. If the Settlement is not finally approved, the Settlement Fund shall be returned to Defendants by the Settlement Administrator.

     a.      **Payment to Plaintiffs**.  Subject to Court approval, within 10 days after the Effective Date, the Settlement Administrator shall pay $4,000 to Plaintiffs in full, total, and complete satisfaction of the allegations of damages for their claims, and as an incentive award for bringing the claims on behalf of the Class.  This payment shall be made by check in care of Counsel for Plaintiffs.

     b.      **Refunds to Class Members**.  Within 10 days after the Effective Date, the Settlement Administrator shall pay $16,141 in the form of refunds ("Class Refunds") to all class members from whom Defendants collected money that was not collected pursuant to a court order.

     c.      **Agreement Not to Collect**. Defendant Park Tree agrees it will not collect debt in Illinois unless it gets a license under the Collection Agency Act, the Resident Mortgage License Act, or other applicable law.

     d.      **Attorneys' Fees and Costs**.  Counsel for Plaintiffs and the Class shall petition the Court for approval of attorneys' fees and costs not to exceed $20,000, which will be deducted from the Settlement Fund.  Defendant shall not oppose Class Counsel's fee petition for an amount not to exceed $20,000.  The parties shall request in such petition that the attorneys' fees and costs be paid to Class Counsel by the Settlement Administrator within 10 days after the Effective Date.  Upon approval of the Court, and within the time set by the Court, the Settlement Administrator shall pay Counsel for Plaintiffs and the Class, that amount which the Court deems reasonable which shall not exceed $20,000.

     e.      **Cost of Class Notice**. All reasonable costs associated with the notice under this class settlement and the costs of administering the class settlement are to be paid for by the Defendants.   The costs of administration shall not come out of the Settlement Fund.

5

f.  **Class Recovery**.  The balance of the Settlement Fund, after plaintiffs' award, class member refunds and attorney's fees are deducted, shall be distributed equally by the Settlement Administrator to the Class Members whose Class Notices were not returned as undeliverable by the United States Postal Service. The class payments shall be made by the Settlement Administrator within 21 days of the Effective Date.  Checks issued to Class Members will be void after 60 days ("Void Date");

g.  **Uncashed Checks**.  If, following the Void Date of the Participating Class Members' checks, there remains any uncashed checks or undistributed funds, those funds will be distributed to Legal Aid Chicago (formerly known as LAF or the Legal Assistance Foundation of Metropolitan Chicago) as a *cy pres* award, subject to Court approval. Any uncashed Class Refunds will revert to Defendants Park Tree and FCI, and those Class Members will retain a credit to their account which matches the amount reverted.

13.  **Dismissal of the State Court Case and Release of Debt**. Within ten (10) days of the Effective Date, Defendants will dismiss the state court case *Park Tree Investments 20, LLC v Beanie Pickett and Trina Pickett* Case No. 2018 CH 14904 with prejudice and record a release of Plaintiffs' mortgage with the Cook County Recorder of Deeds.  Defendants represent that Park Tree Investments 20, LLC is the current owner of Plaintiffs' alleged debt and therefore has legal authority to grant this release, and upon the Effective Date, Park Tree Investments 20, LLC forever released Plaintiffs from any liability on the disputed note and mortgage.

14.  **Settlement Administrator**.  Defendants shall select a Settlement Administrator who shall be responsible for administering this Agreement.  The Settlement Administrator shall provide updates upon request of either counsel for the Class or Counsel for Defendants.

15.  **Releases**.

a.     **By Plaintiffs.**  Beanie Pickett and Trina Pickett grant the following release: Plaintiffs, Beanie Pickett and Trina Pickett, including their respective agents, representatives, attorneys, heirs, assigns, or any other person acting on their behalf or for their benefit, and any person claiming through them (in their capacity as such) (collectively "Plaintiffs' Releasors"), fully and forever resolve, release and discharge Defendants as well as their past, present and future predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, members, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, associates and trustees, (in their capacity as such) (collectively, "Released Parties"), from any and all claims, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity, known or unknown, suspected or unsuspected or of whatever type or nature which were brought or could have been brought from the beginning of time up to the Effective date of this Agreement.

b.     **By the Class:**  Each member of the Class who does not opt out fully and forever resolves, releases and discharges the Released Parties from any and all claims, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity,  that were alleged in the Litigation or that arise out of or relate to the conduct alleged in Counts I and II of the Litigation, specifically related to the letters attached as Appendix A to the settlement agreement and Appendix B to the settlement agreement. Notwithstanding anything to

the contrary, specifically excluded from this Release are any claims or defenses concerning: (1) whether any specific debt, fees, late charges and/or escrow items are in fact owed and the amount thereof, (2) the crediting of specific payments, (3) the handling of any escrow account, (4) whether the statute of limitations has expired as to an alleged debt, and (5) any reporting regarding the alleged mortgage debt to the credit reporting bureaus. The Class expressly does not release any right to dispute the debts or any defenses to the validity of the debts.

c.      It is expressly stated that, notwithstanding the released claims and defenses identified in paragraphs 14 a- b, above, the Participating Class Members of the Class do not release any individual claim, or defense concerning, concerning: (1) whether any specific mortgage debt is in fact owed and the amount thereof, (2) the crediting of specific payments, (3) whether the statute of limitations has expired as to an alleged debt , (4) the handling of any escrow account, and the (5) any reporting of the alleged specific mortgage debt to the credit reporting bureaus.

16.      **Approval by the Court**. This Agreement, including the obligation to pay the amounts described herein (including, but not limited to ¶12) and the dismissal and release of the mortgage described in ¶13, is conditioned upon the approval of the Agreement by the Court. Additionally, the Releases in ¶15 are conditioned on Defendants meeting their obligations herein, (including, but not limited to ¶12 and ¶13).  If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and the Parties shall return to their respective positions before the execution of this Agreement without prejudice to their rights; any payment, depositing or advancement of moneys made by Defendants (including, without limitation, any payments made pursuant to ¶12) pursuant to this Agreement hereof, shall immediately be returned to Defendant--except any non-refundable costs of Class Notice and Administration that may have been expended by the Settlement Administrator for purposes of

giving notice to the Class shall not be returned to Defendants); and neither this Agreement, the fact of this Agreement nor any statement contained in this Agreement shall be used in any subsequent proceedings in this or any other litigation, proceeding, dispute, or in any manner whatsoever.

17.     **Notice**. Within 10 business days after entry of the Preliminary Approval Order, attached as Exhibit 1 ("Preliminary Approval Order"), Defendants shall (1) provide the Settlement Administrator with a Class List (the names, most recent address and account number of the 40 class members and 4 refund damages class members), and (2) make the deposit described in ¶12, which is to be held in escrow and distributed to the Settlement Administrator as necessary. Within 30 days after the date the list is provided, the Settlement Administrator cause the Notice in the form of Exhibit 2 to be sent to the last known addresses of the Class Members (the "Notice Date"). Prior to the Settlement Administrator mailing the notice, Defendants' Counsel shall cause the Settlement Administrator to obtain current addresses for Class Members by running their addresses through the National Change of Address database. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each individual notice shall be sent with a request for forwarding addresses. In the event that an individual notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided within five days of receipt.

a.      **Time to Opt Out or Object**. Class Members shall have sixty days (60) days after the Notice Date to request to opt out of the proposed settlement or object to the proposed settlement.

b.      **Right to Opt Out**. All Class Members who properly file a timely written request for exclusion from the Class shall be excluded and shall have no rights pursuant to this Agreement.

A request for exclusion must be in writing and include language to the effect of "I hereby wish to exclude myself from the settlement in *Pickett v. Park Tree Investments, LLC, Daniel I. Singer, FCI Lender Services, Inc. and The Wirbicki Law Group, LLC,* Case No. 19-cv-00456 (N.D. Ill.)." The request must also include the name, address, loan number, phone number and signature of the person(s) (or their authorized representative) seeking exclusion. The request must be mailed to the Settlement Administrator at the address provided in the Class Notice and postmarked by such date as set by the Court. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not received within the time specified shall be invalid and the person(s) serving such request shall remain a Class Member and shall be bound as a Class Member by the Agreement, if approved. The Settlement Administrator shall forward copies of all requests for exclusion to Counsel for the Parties no later than seven days after the deadline for Class Members to submit such requests.

       c.    **Right to Object.** Any Class Member who wishes to object to the Settlement must timely file their objection with the Clerk of the Court. A copy of the objection must also be mailed to the Settlement Administrator at the address provided in the Class Notice. Any such objection must include the name, address, loan number, phone number and signature of the person(s) objecting (or their authorized representative). An objecting Class Member must state, specifically and in writing, all objections and the basis for any such objections, and provide a statement of whether he or she (or his or her authorized representative) intends to appear at the Final Approval Hearing. Any person who objects to the Settlement may be subject to discovery, including deposition, by order of the Court. An objection that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that

is not received within the time specified shall be invalid, and such objecting Class Member(s) shall be foreclosed from seeking any review of the Settlement.

18.     Defendants shall cause notice of this proposed class settlement to be provided to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA") within 10 days after the Court enters an enter approving the parties' Joint Motion for Preliminary Approval (as defined below).

19.     **Preliminary Approval**. As soon as practicable after execution of this Agreement, the Parties shall make application to the Court (the "Joint Motion for Preliminary Approval") for entry of the Preliminary Approval Order, which: (a) preliminarily approves this Agreement; (b) schedules a hearing for final approval of this Agreement (c) approves Exhibit 2 hereto as notice to the Class, to be directed to the last known address of the Class Members as shown on Defendant's records, and (d) finds that mailing of the Class notice and the other measures specified in ¶17 are the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

20.     The Parties agree to request the form of the notice attached hereto as Exhibit 2 and propose the form of Preliminary Approval Order attached hereto as Exhibit 1. The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

21.     **Final Approval**. At the conclusion of, or as soon as practicable after, the close of the Fairness Hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of at least 90 days after the notification provided under ¶18 (as required by CAFA), the Parties through their counsel shall request that the Court enter a Final Approval Order approving the terms of this Agreement as fair, reasonable and adequate; providing for the implementation of

those terms and provisions; finding that the notice given to the Class satisfies the requirements of due process and Rule 23; dismissing the Litigations with prejudice and without costs; and directing the entry of a final order.

22.     If the Final Approval Order is appealed within five business days after it is entered, the parties agree that any implementation of that Order shall be stayed pending the resolution of such appeal.

23.     The Parties agree to request the form of Final Approval Order attached hereto as Exhibit 3.  The fact that the Court may require non-substantive changes in the final order does not invalidate this Agreement.

24.     **Release of Attorneys' Lien**. In consideration of this Agreement, Plaintiffs' counsel hereby discharges and releases the "Released Parties," as defined in ¶15 above, of and from any and all claims for attorneys' fees, by lien or otherwise, other than the amount of fees and costs determined under ¶12, for legal services rendered by Plaintiffs' counsel.

25.     **Miscellaneous Provisions**. The Parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best reasonable efforts to effect the terms of this Agreement. Whether or not this Agreement is approved, this Agreement shall in no event be construed as, or be deemed to be, evidence of an admission by Defendants of any allegations, liability or wrongdoing whatsoever.

26.     Notices and objections related to this Agreement shall be sent to:

**For Plaintiff**: Paul M. Waldera (#35819), Edelman, Combs, Latturner & Goodwin, LLC, 20 S. Clark St., Suite 1500, Chicago, Illinois 60603

**For Defendants**: Anna-Katrina S. Christakis, Pilgrim Christakis LLP, 321 N. Clark St., 26th Floor, Chicago, Illinois 60654; Daniel I. Singer, 2 Park Plaza, Suite 870, Irvine,

California 92614; and Tom Cassady, Wirbicki Law Group LLC, 33 W. Monroe St., Suite 1540, Chicago, Illinois 60603.

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

27.     This Agreement constitutes the entire agreement between Defendants and the Class, including Plaintiffs, with regard to the subject matter hereof and may not be modified or amended in any manner except in a writing, signed by an authorized agent of Defendants and counsel for the Class (which include Plaintiffs), and approved by this Court.

28.     This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

29.     Each and every term of this Agreement shall bind and inure to the benefit of the Plaintiffs, the Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.  This Agreement will be deemed to have been drafted by each person executing this Agreement, and each person executing this Agreement represents hereto that they have the authority to so execute.   Any rule or law that a document shall be interpreted against the drafter shall not apply to this Agreement.

30.     This Agreement shall be governed by and interpreted in accordance with the laws of Illinois.

31.     If final approval is granted, and subject to Plaintiff's and Defendants' document retention policies and preservation obligations, the Defendant and Plaintiffs shall retain the class

list and a list of Class Members who excluded themselves for one year thereafter, and after that period may destroy the class list and list of Class Members who requested exclusion. Defendants and Plaintiffs may also destroy documents generated in the notice process for one year after final approval is granted and may destroy them after that period. Notwithstanding anything to the contrary, nothing herein shall require Defendants to destroy any list of their customers or clients they generated from their own information, including any list of persons who received notices at issue in the Litigations, to the extent such lists are used in the ordinary costs of Defendants' business.

32.     The Defendants and Plaintiffs, have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. Each person executing this Agreement has read and understand fully the above and foregoing and has been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14

IN WITNESS WHEREOF, the Parties hereto, acting by and through their respective counsel of record, have so agreed, on _____, 2019.

BEANIE PICKETT

████████████████████████████████

Date:     _____7/3/2019_____

TRINA D. PICKETT

████████████████████████████████

Date:     _____7/3/ 2019_____

PARK TREE INVESTMENTS, LLC

By:          _____

Name:        _____

Title:       _____

Date:        _____

DANIEL I. SINGER

_____

Date:        _____

FCI LENDER SERVICES, INC.

By:          _____

Name:        _____

Title:       _____

Date:        _____

15

IN WITNESS WHEREOF, the Parties hereto, acting by and through their respective counsel of record, have so agreed, on _____, 2019.

BEANIE PICKETT

_____

Date: _____

TRINA D. PICKETT

_____

Date: _____

PARK TREE INVESTMENTS, LLC

By: ███████████████████████████

Name: _____Dean Engle_____

Title: _____Manager_____

Date: _____7/9/2019_____

DANIEL I. SINGER

███████████████████████████████

Date: _____7/9/2019_____

FCI LENDER SERVICES, INC.

By: _____

Name: _____

Title: _____

Date: _____

THE WIRBICKI LAW GROUP, LLC

By: ████████████████████████

Name: _Russell C. Wirbicki_

Title: _managing member_

Date: _7/8/19_

APPROVED ONLY AS TO FORM:

████████████████████████

Edelman, Combs, Latturner & Goodwin, LLC
Attorney for PLAINTIFFS

APPROVED ONLY AS TO FORM:

_____

Attorney for DEFENDANTS PARK TREE INVESTMENTS, LLC AND FCI LENDER SERVICES, INC.

_____

DANIEL I. SINGER

████████████████████████

Attorney for DEFENDANT THE WIRBICKI LAW GROUP, LLC

16

DocuSign Envelope ID: 0ADE31D6-FABD-4D9E-B28B-6F801299ED18

THE WIRBICKI LAW GROUP, LLC

By: _____

Name: _____

Title: _____

Date: _____


APPROVED ONLY AS TO FORM:

_____
Edelman, Combs, Latturner & Goodwin, LLC
Attorney for PLAINTIFFS


APPROVED ONLY AS TO FORM:

████████████████████████████

Attorney for DEFENDANTS PARK TREE INVESTMENTS, LLC AND FCI LENDER SERVICES, INC.


_____

DANIEL I. SINGER


_____

Attorney for DEFENDANT THE WIRBICKI LAW GROUP, LLC


16

# APPENDIX A

REDACTED

# REDACTED



**SINGER LAW GROUP, LLP**

July 16, 2018

## FOR INFORMATION PURPOSES ONLY

Beanie Pickett
Trina D Pickett

Re: Beanie Pickett and Trina D Pickett, Borrowers
Account Number:
Property Address:

Dear Mr. and Mrs. Pickett:

Please be advised that this office represents the interests of the holder of your home mortgage secured against the above-referenced property.

Our client's records indicate that in the past you received a discharge in a bankruptcy case. Section 524 of the Bankruptcy Code tells us the discharge of a debt means you have no personal obligation to repay it. The discharge also protects you from any efforts by anyone (including our client) to collect a discharged debt as personal liability. On the other hand, the security agreement allows foreclosure against real property if the requirements under the loan documents are not met. This quick summary is not intended as legal advice. You should consult with your own advisors if you have legal questions about your rights.

Although your legal obligation to repay the loan was discharged, if you wish to retain the property, there may be options available to you. As such, we are providing certain loan information to you as a courtesy and to let you know that assistance may be available to you. If, however, you do not wish for us to send future informational letters, please contact your designated single point of contact, Jennifer Zartman at (866) 290-8795 ext. 212 or via email at jzartman@parktreeinvestments.com.

Again, this is not an attempt to collect a debt that has been discharged. This is not a demand for payment, but merely being sent for informational purposes. This is not a statement of the amount necessary to pay off or reinstate the loan. If you would like to receive more information about options for this loan, please contact your designated single point of contact at (866) 290-8795 ext. 212 or via email at jzartman@parktreeinvestments.com.

If we do not hear from you by August 17, 2018 we will assume that you've identified alternative living arrangements and do not wish to explore options to avoid foreclosure.

Regards,

Singer Law Group, LLP

1

# REDACTED



## NOTICE PURSUANT TO

## THE FAIR DEBT COLLECTION PRACTICES ACT

*UNLESS YOU NOTIFY US WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS LETTER THAT THE VALIDITY OF THIS DEBT OR ANY PORTION OF IT IS DISPUTED WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU. ALSO UPON YOUR WRITTEN REQUEST WITHIN THIRTY (30) DAYS WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR. THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. However, if you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt, and however we have a security interest in the property and will only exercise our rights as against the property.

*Additionally, your decision to discuss mortgage assistance options with this firm is strictly voluntary. You are not obligated to pursue any mortgage assistance options discussed with us. At your request, we will immediately terminate any such discussions should you no longer wish to pursue these options.

With respect to those loans secured by property located in the state of California, the state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**Important Notice to Servicemembers and Their Dependents**

If you or any occupant of your home are or recently were on active duty or active service, you may be eligible for benefits and protections under the Federal Servicemembers Civil Relief Act (SCRA). This includes protection from foreclosure or eviction. You may also be eligible for benefits and protections under state law or investor policy. SCRA and state Military Benefits and protections also may be available if you are the dependent of an eligible Servicemember. For more information, please call us at 888-522-6214.

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, or age; because of all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

NOTICE: The Singer Law Group is licensed to practice law only in California and Nevada. In the event litigation is required, this matter will be referred to an attorney licensed to practice law in your state or jurisdiction.

# APPENDIX B

**REDACTED**



FCI Lender Services, Inc.

*Loan Servicing* • *Specialty Servicing* • *Default*

(800) 931-2424   (714) 282-2424   Fax: (714) 282-5775

BEANIE PICKETT

10/30/2018

### NOTICE OF INTENT

**Dear BEANIE PICKETT**

Borrower is hereby advised that the installment of interest and/or principal that was due and payable on **12/04/2011** by Borrower under the Loan Documents has not been received by Lender, nor have the subsequent monthly installments due and payable under the Loan Documents been received by the Lender.  Borrower's failure to make such required payments constitutes an event of default under the Loan Documents (the "Event of Default")

Please be further advised that, as a result of such Event of Default, Lender intends pursuant to the Loan Documents to accelerate the maturity of the indebtedness evidenced by the Loan Documents (the "Indebtedness") and hereby declared that, in the event that the Event of Default is not cured on or before **11/30/2018**, the Indebtedness will be accelerated and will become immediately due and payable, together with all unpaid interest accrued thereon and all other amounts due under the Loan Documents.  In addition, in the event the Event of Default is not cured on or before **11/30/2018**, Lender intends to invoke the power of sale and the Property may be sold pursuant to the terms of your security instrument and/or state and federal law.

In order to cure the Event of Default, Borrower must pay to Lender on or before **11/30/2018**, all amounts due under the Loan Documents (other than principal that has not yet become due), including but not limited to late fees, interest, attorney's fees and costs, and any amounts advanced by Lender under the Loan Documents.  In addition, all property taxes and insurance premiums related to the Property must be current at the time the Event of Default is cured.

To obtain the current amount to be paid to Lender to cure the Event of Default, please contact FCI Lender Services, Inc. during our business hours, 8:00 A.M. to 5:00 P.M. Pacific Time, Monday through Friday, at 800-931-2424.

In the event the Loan is accelerated as set forth above, Borrower may have the right to reinstate the Loan after such acceleration.  In addition, Borrower may have the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and/or sale of the Property.

Please be further advised that as the result of the Event of Default specified herein, Lender intends to collect all Late Charges provided for under the Note, and will accrue interest on the entire amount due and owing under the Note.

**REDACTED**

## FCI Lender Services, Inc.

*Loan Servicing • Specialty Servicing • Default*

Please note that Borrower is obligated under the Loan Documents to pay to Lender all reasonable costs of collection incurred by Lender in connection with its exercise of remedies under Loan Documents, including specifically, without limitation, all reasonable attorneys' fees and expenses and court costs.

Lender's notice to Borrower of the Event of Default specified in this letter shall not in any way be deemed to be a waiver or limitation of any other default that may not or hereafter exist under any of the Loan Documents, and Lender specifically reserves the right to declare other and future defaults that may exist from time to time under the Loan Documents.

Please contact the undersigned if you have any questions about the matters discusses herein.

The toll-free number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency is 1-800-569-4287 or TTY/TDD 1-800-877-8339. You may find other useful consumer information on foreclosure alternatives on the HUD website at HTTP://www.hud.gov/foreclosure/ including an article on "Tips for Avoiding Foreclosure".

*Note: FCI Lender Services, Inc. is a debt collector and is attempting to collect a debt.*

**IF YOU OR YOUR ACCOUNT ARE SUBJECT TO PENDING BANKRUPTCY PROCEEDINGS, OR IF YOU HAVE RECEIVED A BANKRUPTCY DISCHARGE, THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT.**

Sincerely,

FCI Lender Services, Inc.
Specialty Loan Servicing Dept.
(800) 931-2424 Ext 650
Fax: 714-282-5775

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BEANIE PICKETT and | ) | |
| TRINA D. PICKETT | ) | |
| on behalf of plaintiff and the class | ) | |
| members described herein, | ) | |
| and PEOPLE OF THE STATE OF | ) | |
| ILLINOIS ex rel. BEANIE PICKETT and | ) | |
| TRINA D. PICKETT, | ) | |
| | ) | |
| Plaintiffs, | ) | 19-cv-00456 |
| | ) | |
| vs. | ) | Honorable Matthew F. Kennelly |
| | ) | |
| PARK TREE INVESTMENTS, LLC; | ) | |
| DANIEL I. SINGER, doing business as | ) | |
| SINGER LAW GROUP, LLP, which is | ) | |
| not in fact a partnership entity; | ) | |
| FCI LENDER SERVICES, INC., and | ) | |
| THE WIRBICKI LAW GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

This matter coming before the Court on the joint request of the parties for preliminary

approval of a Class Action Settlement Agreement, and based upon the papers submitted to the

Court and all of the proceedings had in this matter to date, IT IS HEREBY ORDERED:

1.      Solely for purposes of settlement, the following Settlement Class is provisionally

certified pursuant to Fed. R. Civ. P. 23(b)(3):

(a) all individuals, (b) in Illinois, (c) to whom Singer sent a letter in the form of Appendix

A to the settlement agreement or to whom FCI sent a letter in the form of Appendix B to

the settlement agreement (d) concerning the individual's home (e) which letter was sent at

any time on or after one year prior to the filing of this action.

2.  Based on the parties' stipulations, and for settlement purposes only:

(A)  The class as defined is sufficiently numerous such that joinder is impracticable;

(B)  Common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether Defendants violated the Fair Debt Collection Practices Act when Singer sent a letter in the form of Appendix A to the settlement agreement or to whom FCI sent a letter in the form of Appendix B to the settlement agreement.

(C)  The claims of Beanie Pickett and Trina Pickett are typical of the Class Members' claims;

(D)  Plaintiffs Beanie Pickett and Trina Pickett are appropriate and adequate representatives for the Class and their attorneys, Daniel A. Edelman, Tara L. Goodwin and Paul M. Waldera and Edelman, Combs, Latturner and Goodwin, LLC, are hereby appointed as Class Counsel; and

3.  The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.  In the event that the proposed settlement is not finally approved for any reason, Defendants shall, pursuant to the Settlement Agreement, retain their right to contest certification of the Class.

4.  The Court approves the proposed form of notice to the Class, and directs that notice be implemented in accordance with the Settlement Agreement.  Defendants shall provide the class list to the Settlement Administrator by [MONTH] [DAY], 2019, and the notice shall be mailed within 30 days after the class list is provided.

2

5.      The Court finds that the notice proposed in paragraph 17 of the Settlement Agreement is the only notice to the Class Members that is required and further finds that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

6.      Class Members shall have 60 days from the date Notice is Mailed to opt out or object to the proposed Settlement Agreement.

7.      Any Class Member who objects to the settlement contemplated by the Settlement Agreement shall have a right to appear and be heard at the Final Approval Hearing provided that such Class Member files with the Court and delivers to Class Counsel and Defendants' counsel a written notice of objection together with a statement of reasons for the objection, postmarked no later than 60 days from the date the settlement class notice is mailed.  Class Counsel and Defendants' counsel may, but need not, respond to the objections, if any, by means of a memorandum of law no later than five (5) days prior to the Final Approval Hearing.

8.      A Final Approval Hearing on the fairness and reasonableness of the Settlement Agreement will be held before this Court on [MONTH] [DAY], 2019 at 9:30 a.m.

SO ORDERED this _____ day of _____, 2019.


_____
Honorable Matthew F. Kennelly
United States District Court Judge

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

If you have received a certain letter from Singer Law Group
or FCI Lender Services regarding your mortgage loan,
you may benefit from this class action settlement

*A Federal court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement has been reached in class action litigation involving certain mortgage loans owned by Park Tree Investments, LLC ("Park Tree"), being serviced by Daniel I. Singer ("Singer"), and FCI Lender Services, Inc. ("FCI"), and being sued upon by The Wirbicki Law Group, LLC ("Wirbicki") (collectively the "Defendants"). Defendants deny all allegations, and the Court has not decided which side is right.
- The settlement will provide for automatic payment of a share of the class fund to class members whose notices were not returned as undeliverable.
- To qualify, you must be (a) an individual, (b) in Illinois, (c) to whom Singer sent a letter in the form of Appendix A to the settlement agreement or to whom FCI sent a letter in the form of Appendix B to the settlement agreement (d) concerning the individual's home (e) which letter was sent at any time on or after one year prior to the filing of this action.
- Your legal rights are affected whether you act or don't act. Read this notice carefully.

At this time, you are assumed to be part of the Settlement. Therefore, your rights will be affected even if you do nothing. Please read this Notice carefully. The following is a general summary of the actions you can take and the results of those actions.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING BUT STAY IN THE SETTLEMENT** | By doing nothing, you will remain a member of the settlement class and you will be entitled to receive certain relief provided for in the settlement. |
| **EXCLUDE YOURSELF** | You will receive no benefits, other than Defendant Park Tree agreeing not to collect a debt from you unless it gets a license under the Collection Agency Act, the Resident Mortgage License Act, or other applicable law. This is the only option that allows you to participate in any other lawsuit against Defendants about the claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

- **These rights and options and the deadlines to exercise them are explained in this notice.**

- **The Court in charge of this case still has to decide whether to approve the settlement. Benefits will be distributed if the Court approves the settlement and after appeals are resolved. Please be patient.**

**What This Notice Contains**

BASIC INFORMATION ............................................................2
  1.  Why is there a notice?
  2.  What is this lawsuit about?
  3.  Why is this a class action?
  4.  Why is there a Settlement?
WHO IS IN THE SETTLEMENT? ..............................................2
  5.  How do I know if I am part of the Settlement?
THE SETTLEMENT BENEFITS .............................................2-3
  6.  What can I get from the Settlement?
  7.  What is the estimated value of the settlement benefits?
  8.  When will I receive my benefits?
  9.  I want to be a part of the settlement and receive these benefits. What do I do?
  10.  What am I giving up to receive these benefits?
  11.  Will the settlement impact any of my other loan terms?
  12.  How much will the Class Representatives receive?
EXCLUDING YOURSELF FROM THE SETTLEMENT ....................3
  13.  How do I get out of the Settlement?

  14.  If I don't exclude myself, can I sue Defendant for the same thing later?
  15.  If I exclude myself, do I still receive benefits from this settlement?
THE LAWYERS REPRESENTING YOU ....................................3-4
  16.  Do I have a lawyer in the case?
  17.  How will the lawyers be paid?
OBJECTING TO THE SETTLEMENT ..........................................4
  18.  How do I tell the Court that I don't like the Settlement?
  19.  What is the difference between objecting and excluding?
THE FAIRNESS HEARING .......................................................4
  20.  When and where is the fairness hearing?
  21.  Do I have to attend the hearing?
GETTING MORE INFORMATION ..............................................4
  22.  How do I get more information?
  23.  What if I have a new address?

## BASIC INFORMATION

**1. Why is there a Notice?**
You received this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the settlement. This notice explains the lawsuit, the settlement, and your legal rights.

The court in charge of the case is the United States District Court for the Northern District of Illinois. The lawsuit is known as *Beanie Pickett and Trina D. Pickett v. Park Tree Investments, LLC, Daniel I. Singer, doing business as Singer Law Group, LLP, FCI Lender Services, Inc. and The Wirbicki Law Group, LLC* Case No. 19-cv-00456. The people who sued are called the Plaintiffs, and the entities they sued, Park Tree Investments, LLC ("Park Tree"), being serviced by Daniel I. Singer ("Singer"), and FCI Lender Services, Inc. ("FCI"), and being sued upon by The Wirbicki Law Group, LLC ("Wirbicki"), are called collectively Defendants.

**2. What is this lawsuit about?**
The Plaintiffs claim that Defendants Singer and FCI sent letters, on behalf of Defendant Park Tree, which threatened to take nonjudicial action to effect dispossession of property when there is no present right to possession of the property claimed as collateral through an enforceable security interest, and no present intention to take possession of the property, in violation of the Fair Debt Collection Practices Act. Defendants deny all of the allegations and maintain that its conduct was proper and did not violate the law

**3. Why is this a class action?**
In a class action, one or more people called Class Representatives (in this case, Beanie Pickett and Trina

Pickett), sue on behalf of a group (or a "Class") of people who have similar claims.

**4. Why is there a settlement?**
The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, the parties avoid the cost, risk, and delay of litigation and uncertainty of trial. The Class Representatives and their attorneys think the proposed settlement is best for everyone who is affected.

## WHO IS PART OF THE SETTLEMENT?

**5. How do I know if I am a part of the settlement?**
The Court decided that those individuals falling under the following definition are Class Members:
(a) all individuals, (b) in Illinois, (c) to whom Singer sent a letter in the form of Appendix A to the settlement agreement or to whom FCI sent a letter in the form of Appendix B to the settlement agreement (d) concerning the individual's home (e) which letter was sent at any time on or after one year prior to the filing of this action.

If you are not sure whether you are included, you can call Class Counsel at 312-739-4200 You also can send questions to Class Counsel at info@edcombs.com or to Pickett v Park tree, et al., Daniel A. Edelman, Edelman, Combs, Latturner & Goodwin, LLC, 20 S. Clark St., Suite 1500, Chicago, IL 60603.

## THE SETTLEMENT BENEFITS

**6. What can I get from the Settlement?**
If the settlement is approved and becomes final, Defendants will issue all class members whose class notice was not returned as undeliverable and who does not opt out, a check for a pro rata share of the $20,000 class fund. Defendants will also issue refunds to class members from whom

Defendants collected money that was not collected pursuant to a court order, separate and apart from the pro rate payment. In addition, Defendant Park Tree agrees it will not collect debt in Illinois unless it gets a license under the Collection Agency Act, the Resident Mortgage License Act, or other applicable law. If there is more than one borrower on an account, they will be treated as one class member for the purposes of the settlement. For jointly held accounts, checks will be payable to all joint borrowers, and will be mailed to the first borrower listed on the account.

**7.   What is the estimated value of the settlement benefits?**
The class fund will be $20,000, which will be distributed *pro rata* to each class member whose class notice was not returned as undeliverable and who does not opt out. There are approximately 40 class members. Each class member's *pro rata* share is estimated to be approximately $500. In addition, Defendants will also issue refunds to class members from whom Defendants collected money that was not collected pursuant to a court order; the total amount being refunded to the class members is expected to be approximately $16,141, separate and apart from the pro rata payment.

**8.   When will I receive my benefits?**
The Court will hold a hearing and decide whether to approve the settlement. If the Court approves the settlement, there may be appeals afterwards.  If there are appeals, resolving them can take time.  If the settlement is approved by the Court, the time to appeal expires, and if any appeals are resolved in favor of settlement, the settlement will be effective. Within 21 days of the effective date of the settlement, the settlement administrator will mail checks to the Class Members.

**9.   I want to be part of the settlement and receive these benefits. What do I do?**
You do not need to do anything to remain a Class Member. All relief provided by the Settlement Agreement will be provided automatically. If you are a Class Member and are entitled to benefits, a check will automatically be sent to your last known address.

**10.  What am I giving up to receive these benefits?**
By remaining a Class Member, all of the Court's orders will apply to you, and you give Defendants a release. The Settlement Agreement is available at www.edcombs.com and describes the claims that you give up if you remain in the settlement.

**11.  Will the settlement impact any of my loan terms?**
No, all terms and conditions of your Mortgage Loan will remain unchanged.

**12.  How much will the Class Representatives receive?**
Beanie Pickett and Trina will request Court approval for a payment of $4,000 for their services as Class

Representative in prosecuting the case on behalf of the Class. Additionally, Defendants have agreed to release Beanie Pickett and Trina Pickett from their mortgage that was the subject of this lawsuit and dismiss the mortgage foreclosure case filed against Beanie Pickett and Trina Pickett with prejudice.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive the benefits of the settlement, but you want to keep the right to sue Defendants on your own about the legal issues in this case, then you must take steps to get out of the settlement. This is called excluding yourself.

**13.  How do I get out of the Settlement?**
To exclude yourself from the settlement, you must send a letter by first class mail, postage prepaid, to the Settlement Administrator, [EMAIL], Re: Pickett v Park Tree Investments et al., [MAIL ADDRESS]; or by private courier (such as Federal Express) to [NAME AND ADDRESS].  Your request must include:
- Your name, address, and telephone number;
- A statement that "I hereby wish to exclude myself from the settlement in *Pickett v. Park Tree Investments, et al.*  Case No. 19-cv-00456"
- Your signature.

If sent by mail, your exclusion request must be postmarked no later than [MONTH] [DAY], 2019. If sent by private courier, it must have a shipping date on the shipping label that is no later than [MONTH] [DAY], 2019. All exclusion requests must be received by the Settlement Administrator no later than [MONTH] [DAY], 2019 to be valid.  You cannot exclude yourself by phone, email or on a website.

**14. If I don't exclude myself, can I sue Defendant for the same thing later?**
No. Unless you exclude yourself, you give up the right to sue Defendants for the claims that this settlement resolves.

**15. If I exclude myself, do I still receive benefits from this settlement?**
No, you will not receive anything resulting from the settlement of this case, but you may sue the Defendants over the claims raised in this case on your own or as a part of a different lawsuit.

### THE LAWYERS REPRESENTING YOU

**16. Do I have a lawyer in the case?**
The Court has named the law firm of Edelman, Combs, Latturner & Goodwin, LLC as "Class Counsel". You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.  If you choose to hire your own lawyer, he or she must file an appearance by [MONTH] [DAY], 2019.

**17. How will the lawyers be paid?**
Class counsel will request Court approval of a payment of attorney's fees and costs of $20,000 to be paid by Defendants.

**OBJECTING TO THE SETTLEMENT**
You can tell the Court that you do not agree with the settlement or some part of it.

**18. How do I tell the Court that I don't like the Settlement?**
If you are a Class Member, you can object to the settlement if you don't like any part of it. To object, you must send a letter to the Settlement Administrator that includes, among other things, the following:

- The name of the case, *Pickett v. Park Tree Investments, et al.* Case No. 19-cv-00456;
- Your full name, address and telephone number;
- All grounds for your objection, accompanied by any legal support for the objection;
- A statement confirming whether you intend to appear personally and/or testify at the final approval hearing (also referred to as the fairness hearing); and
- Your signature (an attorney's signature is not sufficient).

For an objection to be considered by the Court, it must: (i) if mailed, be sent first-class, postage prepaid, and postmarked no later than [MONTH] [DAY], 2019; (ii) if sent by private courier (e.g., Federal Express), have a shipping date of no later than [MONTH] [DAY], 2019; and (iii) be received by the Settlement Administrator no later than [MONTH] [DAY], 2019.

**19. What is the difference between objecting and excluding?**
Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you are not required to do so.

**20. Where and when is the fairness hearing?**
The Court will hold a fairness hearing on [MONTH] [DAY], 2019 at 9:30 a.m. in the courtroom of Judge Matthew F. Kennelly in Room 2103 at the United States Courthouse, Dirksen Federal Building, 219 S. Dearborn St., in Chicago, Illinois. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate and to determine the appropriate amount of compensation for Class Counsel. At that hearing, the Court will hear objections and arguments concerning the fairness of the proposed settlement. The hearing may be postponed to a later date without notice.

**21.    Do I have to attend the hearing?**

No, you are not required to come to the fairness hearing, but you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you sent your written objection on time, to the proper address, the Court will consider it (unless the settlement is terminated prior to the fairness hearing). You also may pay your own lawyer to attend, but it's not necessary.

**GETTING MORE INFORMATION**

**22. How do I get more information?**
This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by calling Edelman, Combs, Latturner & Goodwin, LLC, the firm representing the Class, at (312) 739-4200 or by sending an email to: info@edcombs.com, or on its website at www.edcombs.com. If you have questions, you also can obtain information from the Settlement Administrator at the toll-free number, [PHONE NUMBER], or [EMAIL].

**23. What if I have a new address?**
If this notice was sent to you at your current address, you do not have to do anything more to receive further notices concerning this case. However, if this notice was forwarded to you, or if it was otherwise sent to you at an address that is not current, you should immediately send a letter to:
*Pickett v. Park Tree Investments, et al.*
[CLASS ADMIN]
[ADDRESS]
[CITY, STATE, ZIP]
E-Mail: [EMAIL]

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BEANIE PICKETT and | ) | |
| TRINA D. PICKETT | ) | |
| on behalf of plaintiff and the class | ) | |
| members described herein, | ) | |
| and PEOPLE OF THE STATE OF | ) | |
| ILLINOIS ex rel. BEANIE PICKETT and | ) | |
| TRINA D. PICKETT, | ) | |
| | ) | |
| Plaintiffs, | ) | 19-cv-00456 |
| | ) | |
| vs. | ) | Honorable Matthew F. Kennelly |
| | ) | |
| PARK TREE INVESTMENTS, LLC; | ) | |
| DANIEL I. SINGER, doing business as | ) | |
| SINGER LAW GROUP, LLP, which is | ) | |
| not in fact a partnership entity; | ) | |
| FCI LENDER SERVICES, INC., and | ) | |
| THE WIRBICKI LAW GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] FINAL APPROVAL ORDER**

The Court having held a Final Approval Hearing on [MONTH] [DAY], 2019, and having considered the papers submitted to the Court and proceedings to date, and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.     The Settlement Agreement filed with the Court, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2.     This Court has jurisdiction over the subject matter of the Actions and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

(a) all individuals, (b) in Illinois, (c) to whom Singer sent a letter in the form of Appendix A or to whom FCI sent a letter in the form of Appendix B (d) concerning the individual's home (e) which letter was sent at any time on or after one year prior to the filing of this action.

3.     The Settlement Class is certified because:

    (A)    The class as defined is sufficiently numerous such that joinder is impracticable;

    (B)    Common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether Defendants violated the Fair Debt Collection Act when Singer sent a letter in the form of Appendix A to the settlement agreement or to whom FCI sent a letter in the form of Appendix B to the settlement agreement.

    (C)    The claims of Beanie Pickett and Trina Pickett are typical of the Class Members' claims;

    (D)    Plaintiffs Beanie Pickett and Trina Pickett are appropriate and adequate representatives for the Class and their attorneys, Daniel A. Edelman, Tara L. Goodwin, and Paul M. Waldera of Edelman, Combs, Latturner and Goodwin, LLC are qualified to serve as counsel for Plaintiffs and the Settlement Class;

    (E)    This action is manageable as a class action.

4.     Notice was given to the Class pursuant to the Preliminary Approval Order and the Settlement Agreement. The Court is informed that actual notice was sent by first class mail to approximately [NUMBER] class members by first class mail. A total of [NUMBER] envelopes were returned by the United States Postal Service as "undeliverable" with no forwarding address available. New addresses were found for [NUMBER] of those notices and they were mailed to the new addresses. No objections were filed or received.

5.     The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to

all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

6.      On [MONTH] [DAY], 2019 the Court held a fairness hearing to which class members, including any with objections, were invited. [Information regarding opt outs and objections here.]

7.      The Settlement Agreement is the product of arm's length settlement negotiations between Plaintiffs, Class Counsel and Defendants.  The Settlement Agreement is fair, reasonable and adequate.

**THEREFORE, IT IS HEREBY ORDERED:**

A.      That the Settlement Agreement is finally approved and shall be implemented pursuant to its terms;

B.      That the Court hereby dismisses with prejudice all claims asserted by the Plaintiffs against Defendants and dismisses without prejudice, the claims of the Class Members.  The Lawsuit is thereby dismissed in its entirety;

C.      That this Court awards to Class Counsel their attorneys' fees and costs in the amount of $20,000, which this Court finds to be fair and reasonable in light of the time, expense, and complexity of this litigation.  Such payment shall be made within 10 business days from the Effective Date by check made payable to the Edelman, Combs, Latturner & Goodwin, LLC Client Fund Account;

D.      That this Court approves payment of $4,000 to Plaintiffs Beanie Pickett and Trina Pickett for their damages and services to the Settlement Class.  Such payment shall be made within 10 business days from the Effective Date by check made payable to the Edelman, Combs, Latturner & Goodwin, LLC Client Fund Account;

E.      Within 21 days after the Effective Date, as defined in the Settlement Agreement, the settlement administrator will mail checks to the Class Members whose class notices were not returned as undeliverable consisting of a pro rata share of the class fund after amounts are deducted

3

for the plaintiffs' award, attorney's fees and administrative expenses. The checks shall be void after 60 days from the date of issuance;

F.     If, following the Void Date of the Participating Class Members' checks, there remains any uncashed checks or undistributed funds, those funds will be distributed evenly by the Settlement Administrator to: Legal Aid Chicago (formerly known as LAF or the Legal Assistance Foundation of Metropolitan Chicago) as a *cy pres* award.

G.     That this Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement;

H.     Upon the Effective Date, Plaintiff and the Class Members grant the following releases:

1.     **By Plaintiffs.**  Beanie Pickett and Trina Pickett grant the following release: Plaintiffs, Beanie Pickett and Trina Pickett, including their respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for their benefit, and any person claiming through them (in their capacity as such) (collectively "Plaintiffs' Releasors"), fully and forever resolve, release and discharge Defendants as well as their past, present and future predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, members, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, associates and trustees, (in their capacity as such) (collectively, "Released Parties"), from any and all claims, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity, known or unknown, suspected or unsuspected or of whatever type or nature which were brought or could have been brought in the Litigation.

2.     **By the Class:**  Each member of the Class who does not opt out fully and forever resolves, releases and discharges the Released Parties from any and all claims, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity,  that were alleged in the Litigation or that arise out of or relate to the conduct alleged in Counts I and II of the Litigation, specifically related to the letters attached as Appendix A and Appendix B. Notwithstanding anything to the contrary, specifically excluded from this Release are any claims or defenses concerning: (1) whether any specific debt, fees, late charges and/or

4

escrow items are in fact owed  and the amount thereof, (2) the crediting of specific payments, (3) the handling of any escrow account,  (4) whether the statute of limitations has expired as to an alleged debt, and (5) any reporting regarding the alleged mortgage debt to the credit reporting bureaus. The Class expressly does not release any right to dispute the debts or any defenses to the validity of the debts.

3.      It is expressly stated that, notwithstanding the released claims and defenses identified in paragraphs H 1-2b, above, the Participating Class Members of the Class do not release any individual claim, or defense concerning, concerning: (1) whether any specific mortgage debt is in fact owed  and the amount thereof, (2) the crediting of specific payments, (3) whether the statute of limitations has expired as to an alleged debt ,(4) the handling of any escrow account, and the (5) any reporting of the alleged specific mortgage debt to the credit reporting bureaus.

I.      The terms of the Settlement Agreement, including Defendant Park Tree's agreement not to collect debt in Illinois unless it gets a license under the Collection Agency Act, the Resident Mortgage License Act, or other applicable law, are incorporated into this order.

J.      That except as otherwise provided in the Settlement Agreement or herein, the parties are to bear their own attorneys' fees and costs;

SO ORDERED this _____ day of _____, 2019.

_____
Honorable Matthew F. Kennelly
United States District Court Judge