**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BEANIE PICKETT and ) | | |
| TRINA D. PICKETT ) | | |
| on behalf of plaintiff and the class ) | | |
| members described herein, ) | | |
| and PEOPLE OF THE STATE OF ) | | |
| ILLINOIS ex rel. BEANIE PICKETT and ) | | |
| TRINA D. PICKETT, ) | | |
| ) | | |
| Plaintiffs, ) | 19-cv-00456 | |
| ) | | |
| vs. ) | Honorable Matthew F. Kennelly | |
| ) | | |
| PARK TREE INVESTMENTS, LLC; ) | | |
| DANIEL I. SINGER, doing business as ) | | |
| SINGER LAW GROUP, LLP, which is ) | | |
| not in fact a partnership entity; ) | | |
| FCI LENDER SERVICES, INC., and ) | | |
| THE WIRBICKI LAW GROUP, LLC, ) | | |
| ) | | |
| Defendants. ) | | |

## [PROPOSED] FINAL APPROVAL ORDER

The Court having held a Final Approval Hearing on November 14, 2019 and again on January 8, 2020, and having considered the papers submitted to the Court and proceedings to date, and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement filed with the Court, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Actions and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

(a) all individuals, (b) in Illinois, (c) to whom Singer sent a letter in the form of Appendix A or to whom FCI sent a letter in the form of Appendix B (d) concerning the individual's home (e) which letter was sent at any time on or after one year prior to the filing of this action.

3. The Settlement Class is certified because:

(A) The class as defined is sufficiently numerous such that joinder is impracticable;

(B) Common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether Defendants violated the Fair Debt Collection Act when Singer sent a letter in the form of Appendix A to the settlement agreement or to whom FCI sent a letter in the form of Appendix B to the settlement agreement.

(C) The claims of Beanie Pickett and Trina Pickett are typical of the Class Members' claims;

(D) Plaintiffs Beanie Pickett and Trina Pickett are appropriate and adequate representatives for the Class and their attorneys, Daniel A. Edelman and Tara L. Goodwin of Edelman, Combs, Latturner and Goodwin, LLC are qualified to serve as counsel for Plaintiffs and the Settlement Class;

(E) This action is manageable as a class action.

4. Notice was given to the Class pursuant to the Preliminary Approval Order and the Settlement Agreement. The Court is informed that actual notice was sent by first class mail to approximately 33 class members by first class mail. A total of 4 envelopes were returned by the United States Postal Service as "undeliverable" with no forwarding address available. No objections were filed or received.

5. The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive

and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

6. On November 14, 2019 and again on January 8, 2020, the Court held a fairness hearing to which class members, including any with objections, were invited.

7. The Settlement Agreement is the product of arm's length settlement negotiations between Plaintiffs, Class Counsel and Defendants. The Settlement Agreement is fair, reasonable and adequate.

**THEREFORE, IT IS HEREBY ORDERED:**

A. That the Settlement Agreement is finally approved and shall be implemented pursuant to its terms. First Class, Inc. is designated as the Settlement Administrator with the authority to accept and disburse funds as directed by this court order and settlement agreement;

B. That the Court hereby dismisses with prejudice all claims asserted by the Plaintiffs against Defendants and dismisses without prejudice, the claims of the Class Members. The Lawsuit is thereby dismissed in its entirety;

C. That this Court awards to Class Counsel their attorneys' fees and costs in the amount of $20,000, which this Court finds to be fair and reasonable in light of the time, expense, and complexity of this litigation. Such payment shall be made within 10 business days from the Effective Date by check made payable to the Edelman, Combs, Latturner & Goodwin, LLC Client Fund Account;

D. That this Court approves payment of $4,000 to Plaintiffs Beanie Pickett and Trina Pickett for their damages and services to the Settlement Class. Such payment shall be made within 10 business days from the Effective Date by check made payable to the Edelman, Combs, Latturner & Goodwin, LLC Client Fund Account;

E. Within 21 days after the Effective Date, as defined in the Settlement Agreement, the settlement administrator will mail checks to the Class Members whose class notices were not returned as undeliverable consisting of a pro rata share of the class fund after amounts are deducted for the plaintiffs' award and attorney's fees, along with the refund checks to eligible class members

as described in the Settlement Agreement. The checks shall be void after 60 days from the date of issuance;

F. If, following the Void Date of the Participating Class Members' checks, there remains any uncashed checks or undistributed funds resulting from the statutory damages portion of the class award, those funds will be distributed by the Settlement Administrator to: Legal Aid Chicago (formerly known as LAF or the Legal Assistance Foundation of Metropolitan Chicago) as a *cy pres* award. Any remaining funds resulting from uncashed checks for class member refunds will revert back to the Defendants Park Tree and FCI, and those Class Members will retain a credit to their account which matches the amount reverted.

G. That this Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement;

H. Upon the Effective Date, Plaintiff and the Class Members grant the following releases:

1. **By Plaintiffs.** Beanie Pickett and Trina Pickett grant the following release: Plaintiffs, Beanie Pickett and Trina Pickett, including their respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for their benefit, and any person claiming through them (in their capacity as such) (collectively "Plaintiffs' Releasors"), fully and forever resolve, release and discharge Defendants as well as their past, present and future predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, members, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, associates and trustees, (in their capacity as such) (collectively, "Released Parties"), from any and all claims, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity, known or unknown, suspected or unsuspected or of whatever type or nature which were brought or could have been brought from the beginning of time up to the Effective Date of this Agreement.

2. **By the Class:** Each member of the Class who does not opt out fully and forever resolves, releases and discharges the Released Parties from any and all claims, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums of any kind

or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity, that were alleged in the Litigation or that arise out of or relate to the conduct alleged in Counts I and II of the Litigation, specifically related to the letters attached as Appendix A and Appendix B. Notwithstanding anything to the contrary, specifically excluded from this Release are any claims or defenses concerning: (1) whether any specific debt, fees, late charges and/or escrow items are in fact owed and the amount thereof, (2) the crediting of specific payments, (3) the handling of any escrow account, (4) whether the statute of limitations has expired as to an alleged debt, and (5) any reporting regarding the alleged mortgage debt to the credit reporting bureaus. The Class expressly does not release any right to dispute the debts or any defenses to the validity of the debts.

3. It is expressly stated that, notwithstanding the released claims and defenses identified in paragraphs H 1-2, above, the Participating Class Members of the Class do not release any individual claim, or defense concerning, concerning: (1) whether any specific mortgage debt is in fact owed and the amount thereof, (2) the crediting of specific payments, (3) whether the statute of limitations has expired as to an alleged debt ,(4) the handling of any escrow account, and the (5) any reporting of the alleged specific mortgage debt to the credit reporting bureaus.

I. The terms of the Settlement Agreement, including Defendant Park Tree's agreement not to collect debt in Illinois unless it gets a license under the Collection Agency Act, the Resident Mortgage License Act, or other applicable law, are incorporated into this order.

J. That except as otherwise provided in the Settlement Agreement or herein, the parties are to bear their own attorneys' fees and costs;

SO ORDERED this 13th day of January, 2020.

_____
Honorable Matthew F. Kennelly
United States District Court Judge